

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 17, 1970

Mr. R. L. Coffman
Administrator
Texas Employment Commission
Austin, Texas

Opinion No. M-575

Re: Whether the Board
established under the
provisions of Article
4405, V.C.S., may sell
and transfer a judgment
in favor of the Texas
Employment Commission for
less than the full face
value of the judgment.

Dear Mr. Coffman:

You have requested the opinion of this office regarding
the above question. In this connection you have furnished
us with the following facts:

"On November 5, 1953, the Attorney General took
a judgment for the State of Texas on behalf of
the Texas Employment Commission against an
individual subject to the Texas Unemployment
Compensation Act in the amount of $5,959.26.
Execution on this judgment has been periodically
issued and the judgment has been abstracted and
re-abstracted, and there is no question but what
the judgment is valid and subsisting at the present
time. The amount owing on the judgment, including
all court costs and accrued interest, is $6,079.35.

"An investigation into the solvency of the taxpayer
has been made and there is no doubt that he is in-
solvent and it is doubtful that the judgment, or
any part of same, can be collected under any exist-
ing process of law.

"At a meeting of the Board held in the office of the
Comptroller on Tuesday, January 13, 1970, the taxpayer
was present with his attorney. The attorney offered
to buy the judgment for the taxpayer's brother at 25¢

-2742-

on the dollar. The member of the Board representing the Comptroller's Department could recall only one instance in which the Board had actually sold a judgment of this type and such judgment was in fact sold for the full amount due and owing at the time. Because of this fact the members of the Board entertained some doubt as to whether they had the authority to sell a judgment for less than its full value in view of Article III, Section 55, of the Constitution."

Article III, Section 55, of the Texas Constitution provides, in part:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual to this State. . .except delinquent taxes which have been due for a period of at least ten years."

Article 4405, Vernon's Civil Statutes, provides:

"If the principle [sic] and sureties upon any judgment held by the state are insolvent, so that under any existing process of law said judgment or any part thereof cannot be collected, there shall be, and is hereby constituted a Board consisting of one (1) citizen of the state appointed by the governor with the advice and consent of the Senate, who shall serve for a term of two (2) years, Comptroller and State Treasurer, who are hereby empowered and authorized by such advertising as they may deem necessary to offer for sale at public outcry, or by private sale, as they may deem to the best interest of the state, all the right of the state to such judgment; and, if by public sale, the amount bid on the same shall not be deemed sufficient, they shall refuse to accept the same, and dispose of the same in any manner deemed by them to the best interest of the state, and upon sale shall make a proper assignment of said judgment to the purchaser."

Mr. R. L. Coffman, page 3 (M- 575)

If Article 4405 is construed to empower and authorize the Board to sell and transfer a judgment in favor of the State for less than full value, it would necessarily be an exercise of the power and authority denied to the Legislature by Article III, Section 55 of the Constitution of Texas because the sale and transfer of such judgment for less than full value to a purchaser would 'release or extinguish' the 'indebtedness, liability or obligation' of the judgment debtor to the State to the extent that the amount owed by the debtor was not fully satisfied. The exercise of such power by the Legislature, and the authority to delegate such power to the Board, would therefore be prohibited by the Constitution, unless it came within the exception to the prohibition which is found in the last phrase of Article III, Section 55: ". . .except delinquent taxes which have been due for a period of at least ten years."

The quoted exception has the effect of returning to the Legislature the power to release or extinguish the liability of any person or corporation to the State provided such liability is for 'delinquent taxes which have been due for a period of at least ten years.' It is interesting to note that the exception does not refer to 'judgments for delinquent taxes' but simply to 'delinquent taxes.' This distinction is important because, as this office stated in Attorney General Opinion No. O-418 (1939),

". . .The State's claim for taxes due and a judgment in favor of the State for taxes are two different things. As long as it was only a cause of action for taxes due, without being reduced to judgment, it was subject to any defense the particular taxpayer might have to the payment of those taxes, but when it became a judgment it thereby became a different kind of debt, which was not subject to those defenses. Before judgment it was a cause of action for taxes due, but after judgment it was a debt by virtue of the judgment, and the elements of taxation and tax law were no longer connected with it."

A claim or demand that is litigated and processed to final judgment is merged into the judgment, creating a new debt or

liability distinct from the original claim or demand. 34 Tex.Jur.2d 484, Judgments, Sec. 443. 50 C.J.S. 20, Judgments, Secs. 599,600. 46 Am.Jur.2d 555, Sec. 390. Black, Judgments, Secs. 674,677.

It is apparent that when the State's claim for delinquent taxes was reduced to judgment, the claim ceased to exist in its original identity as a tax claim, and became, after judgment, a different kind of debt completely free of the elements of delinquent taxes. Once transformed in this manner, the debt or liability of the judgment debtor ceased to be simply a debt for delinquent taxes and became a fixed indebtedness and liability, thus removing it completely from the exception to Article III, Section 55 of the Texas Constitution. Consequently, the general prohibition of that constitutional section applies, and the Legislature does not have the power to delegate to the Board the authority to sell or assign state judgments for less than full value.

We hasten to add that we are not holding Article 4405 unconstitutional. The conclusion reached above was premised on the assumption that if the statute was construed to authorize the Board to sell State judgments for less than full value, it would be in conflict with the prohibition contained in Article III, Section 55 of the Texas Constitution. The statute, however, is susceptible of a different construction which would not conflict with the Constitution, and it is settled that in such case the construction that renders the statute constitutional will be adopted. 12 Tex.Jur.2d 389-390, Constitutional Law, Sec. 45. The alternate construction of Article 4405 to which we refer is this: If the Legislature may not constitutionally authorize the Board to sell State judgments for less than full value, it must be assumed that the Legislature intended to vest in the Board only that power which was not denied to it by the Constitution, namely, the power to sell State judgments to a purchaser without releasing any portion of the liability of the judgment debtor to the State. Given this construction, the statute does authorize and empower the Board to sell, transfer, and assign State judgments to purchasers, provided the consideration for such sales, transfers and assignments is not less than the full value of the judgments at the time of such sales.

Mr. R. L. Coffman, page 5 (M-575)

## S U M M A R Y

The Board established under the provisions of
Article 4405, V.C.S., may not sell and transfer
a judgment in favor of the State for less than
the full value of the judgment at the time of
the sale.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Stephen W. Hollahan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sam Jones
Wardlow Lane
Charles Lind
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant